Mr. Justice Cox
delivered the opinion of the court.
This was an ejectment suit relating to part of lot 18, square ■37, in the city of Washington. The plaintiff' derived his title through a sale made by a trustee by reason of default under a deed of trust given to secure the payment of a sum of money.
*274 At the trial, the ruling of the court was, in substance, that because the plaintiff had failed to prove that the debtor who. gave the deed of trust was in’ default at the time of sale, and also failed to prove affirmatively the regular advertisement of the sale of the property under the deed of . trust, therefore the plaintiff was not entitled to recover. In other words, it was held that in an ejectment suit the party claiming under a sale made by authority of a deed of trust, must affirmatively establish by parol evidence at' the trial, all the-preliminaries showing authority to sell. That was excepted to, and that is the only question brought before us in this record.
We think there was error in that ruling. The due publication of notice of sale and the fact that the debtor is in default are matters in pais entirely. There are no methods known of making them matters of record, and after the lapse of a certain time, it would be impossible to prove them by parol.' We think that after a debt is due according to the terms of the deed of trust, and the trustee conveys in professed execution of his trust and by way of foreclosure of the deed of trust, he passes the legal title to the grantee for all the purposes of an ejectment suit founded on such title. If he acts in violation of his authority under the trust, it is very easy for the grantor to invoke the aid of a court of chancery to establish his title. But we think it sufficient to show that the trustee conveyed a legal title professedly in execution of his trust. If it were made necessary for the plaintiff' in an ejectment suit to establish all these preliminaries which are matters in pais it would very seriously affect the secui’ity of all titles in trust.
We.think the court below erred in that respect, and a new trial is therefore granted.